Ken MANDELL, Plaintiff,

v.

POSNER LABORATORIES, INC., Defendant.

Civ. A. No. CA3-89-3015-D.

United States District Court, N.D. Texas, Dallas Division.

Nov. 27, 1991.

Dena M. Kashiwamura of Wilson, Williams & Molberg, Dallas, Tex., for plaintiff.

Gayla C. Crain and Dan A. Atkerson of Epstein Becker & Green, P.C., and Bowen L. Florsheim of Smith & Florsheim, Dallas, Tex., for defendant.

FITZWATER, District Judge:

This case presents a question of apparent first impression. The court is asked to decide whether employees employed outside the state of Texas may be counted in determining whether a person has 15 or more employees and is thus an "employer" within the meaning of the Texas Commission on Human Rights Act ("TCHRA"), Tex.Rev.Civ.Stat.Ann. art. 5221k, § 1.01 et seq. (West 1987 & Supp.1991). Concluding these employees may be counted, the court rejects defendant's motion for partial summary judgment.

I

Plaintiff Ken Mandell ("Mandell") sues defendant Posner Laboratories, Inc. ("Posner") for race and age discrimination, contending Posner violated the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 et seq., Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., and the TCHRA by terminating him as an account manager. Posner moves for summary judgment as to Mandell's TCHRA claim, contending this court lacks jurisdiction because "Posner has never employed as many as fifteen (15) employees in the State of Texas since Posner commenced doing business in Texas," Aff. of Warren Morrison at 2, and TCHRA §§ 2.01(7)(A) and 5.10, when construed together, require that at least 15 employees be employed in this state. Posner concedes that, at the pertinent time, it employed more than 15 employees when non-Texas individuals are included. Mandell does not challenge, for

summary judgment purposes, Posner's assertion that Posner employed less than 15 employees in Texas.

## II

TCHRA § 5.01(1) makes it unlawful for an "employer" to discharge an individual or otherwise to discriminate against an individual with respect to compensation or the terms, conditions, or privileges of employment because of race or age. An employer is defined by § 2.01(7)(A) of the Act as

a person engaged in an industry affecting commerce who has 15 or more employees for each working day in each of 20 or more calendar weeks in the current or preceding calendar year and any agent of that person.

Section 5.10 of the Act, under the heading "Application of Act; persons employed outside of Texas," states:

This Act does not apply to an employer with respect to employment of persons outside the State of Texas.

Posner argues these provisions should be read together, producing an analytical confluence that dictates a person must have 15 or more employees within the state of Texas to be an "employer" within the meaning of the Act.

The court declines to accept this reasoning. Section 2.01(7)(A), which is patterned after its federal Title VII counterpart, *see* 42 U.S.C. § 2000e(b), contains no explicit territorial restriction except that an industry must affect commerce. It does not provide that the term "employees," as used in § 2.01(7)(A), includes only individuals employed within the state of Texas. In § 5.10 the Act specifies that it "does not apply to an employer with respect to the employment of persons outside the State of Texas." This is a limitation on the applicability of the Act to an employer charged with discrimination by an individual employed outside the state of Texas. It is not a modification of the definition of "employer" contained in § 2.01(7)(A).

Properly interpreted, § 2.01(7)(A) permits all of a person's employees—regardless of the state in which employed—to be counted in determining whether the person is an "employer." Section 5.10 precludes an individual employed outside the state of Texas from bringing a TCHRA claim against his employer.

The court thinks this interpretation of the TCHRA follows from the plain meaning of the Act's terms. Even if it does not, the Act itself provides that it "shall be construed according to the fair import of its terms." TCHRA § 1.03. The fair import of § 2.01(7)(A), like 42 U.S.C. § 2000e(b), is to exclude small businesses from coverage of the Act. *See Hishon v. King & Spalding,* 467 U.S. 69, 78 n. 11, 104 S.Ct. 2229, 2235 n. 11, 81 L.Ed.2d 59 (1984) (Congress exempted small businesses from coverage); *Armbruster v. Quinn,* 711 F.2d 1332, 1337 n. 4 (6th Cir.1983) (discussing congressional compromise regarding employer coverage and desire to exclude small businesses). Moreover, under Title VII, at least, the definition of "employer" is to be construed liberally. *See Quijano v. University Fed. Credit Union,* 617 F.2d 129, 131 (5th Cir.1980). To read § 5.10 in the manner Posner advocates would defeat that purpose. A corporate giant who happened to employ less than 15 persons in Texas would be excused from all liability under the TCHRA. This is not a result intended by the Texas legislature.

Because Posner is an "employer" within § 2.01(7)(A) of the TCHRA, its motion for partial summary judgment must be and is denied.

SO ORDERED.