Sylvia A. RODRIGUEZ, Plaintiff,

v.

FILTERTEK, INC., ESCO Technologies, Inc., and ESCO Electronica de Mexico, S.A. de C.V., Defendants.

No. EP–07–CA–0192–KC.

United States District Court,
W.D. Texas,
El Paso Division.

Sept. 26, 2007.

Francisco X. Dominguez, The Law Office of Francisco X. Dominguez, El Paso, TX, for Plaintiff.

Amy Lee Dashiell, Julie A. Springer, Scott, Douglass & McConnico, Austin, TX, Ruben S. Robles, Robles, Bracken, Coffman & Hughes, El Paso, TX, for Defendants.

## ORDER

KATHLEEN CARDONE, District Judge.

On this day, the Court considered Defendants' 12(b)(1) Motion to Dismiss ("Motion"). For the reasons set forth below, Defendants' Motion is **DENIED.**

## I. BACKGROUND

In 1993, Defendant ESCO Electronica de Mexico, S.A. de C.V. ("Defendant ESCO") hired Plaintiff Sylvia Rodriguez as an accountant. Defs.'Mot. 1. Plaintiff was later promoted to Controller of Defendant ESCO's facility in Juarez, Mexico. *Id.* at 2. As Controller, Plaintiff was responsible for all functions of the accounting and financial departments of the Juarez facility, including the payment of company taxes, the preparation of financial reports, budgeting, payroll, and accounts payable. *Id.*

In 2003, Defendant ESCO became dedicated to the manufacture of Defendant Filtertek, Inc.'s products. *Id.* Plaintiff was placed on Defendant Filtertek's payroll and continued to work as Controller of the Juarez facility. *Id.* Her immediate supervisor was Paul Sepe, the Vice President and Chief Financial Officer of Defendant Filtertek. *Id.* At the time, Sepe worked at Defendant Filtertek's headquarters in Hebron, Illinois. *Id.* Plaintiff also reported indirectly to Pedro Rodarte, General Manager of the Juarez facility. *Id.*

According to Defendants, Plaintiff "did not do any work or perform any duties in Texas." *Id.* at 1. Plaintiff disputes this statement, alleging that she went to warehouses in El Paso "on a regular and ongoing basis," to inspect goods before they were delivered to Defendant ESCO in Juarez. Sworn Statement of Sylvia A. Rodriguez ¶¶ 3–5.

In January 2006, Plaintiff informed Sepe and Rodarte that she was resigning from Defendant Filtertek. Defs.' Mot. 2. On January 27, 2006, Defendant Filtertek accepted Plaintiff's resignation and terminated her employment. *Id.* In February 2006, Plaintiff filed a claim of wrongful termination with the Government Secretariat General Local Arbitration and Conciliation Board in Juarez, Mexico. *Id.* at 3. In July 2006, Plaintiff filed additional charges against Defendant Filtertek with the EEOC and the Texas Workforce Commission ("TWC"), asserting claims under Title VII, the ADEA, and the Texas Commission on Human Rights Act ("TCHRA"). *Id.* Plaintiff claimed she was discriminated against on the basis of her sex, age, and national origin, and retaliated against for making a complaint of discrimination. *Id.*

The EEOC dismissed Plaintiff's charge on November 27, 2006. *Id.* Plaintiff did not exercise her right to sue Defendants within ninety days. *Id.* On February 21, 2007, the TWC mailed its Notice of Right to File a Civil Action to Plaintiff. Pl.'s Original Pet. 2. Plaintiff filed charges under the TCHRA in state court on April 23, 2007. *Id.* at 1. On June 1, 2007, Defendants removed the case to federal court. Defs.' Notice of Removal 1.

On June 6, 2007, Defendants filed their Rule 12(b)(1) Motion to Dismiss for Lack of Subject–Matter Jurisdiction and in the Alternative, Rule 12(b)(3) Motion to Dismiss for Improper Venue. Defs.' Mot. 10. Plaintiff filed her Response on July 9, 2007. Pl.'s Resp. to Def.'s Mot. to Dismiss 5 ("Pl.'s Resp."). Defendants filed their Reply on July 12, 2007. Defs.' Reply Br. in Supp. of Mot. to Dismiss 6 ("Defs.' Reply"). In their Reply, Defendants withdrew their alternative grounds for dismissal under Rule 12(b)(3) for improper venue. Defs.' Reply ii.

## II. DISCUSSION

### A. Applicable Standard

Defendants have moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), arguing that Plaintiff does not have standing to sue. Defs.' Mot. 1. Specifically, they state that Plaintiff lacks standing because the Texas Commission on Human Rights Act ("TCHRA") is inapplicable to Defendants as Plaintiff was not employed in Texas as required by the TCHRA. *Id.* (citing TEX. LAB.CODE § 21.111 (Vernon 2003)).

█ Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992). The irreducible constitutional minimum of standing contains three elements.

> First, the plaintiff must have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent not conjectural or hypothetical.... Second, there must be a causal connection between the injury and the conduct complained of.... Third, it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Id.* at 560–61, 112 S.Ct. 2130 (internal citations and quotations omitted); *see also Ford v. NYLCare Health Plans of Gulf Coast, Inc.*, 301 F.3d 329, 332 (5th Cir. 2002).

█ In this Motion, though Defendants state that they are challenging the Court's jurisdiction through standing, neither party has actually discussed the standing issue with its elements of injury, causality, and redressability. Instead, Defendants confine their arguments to the inapplicability of the TCHRA. *See* Defs.' Mot. 1 (citing TEX. LAB.CODE § 21.111 (Vernon 2003)). They essentially argue that Plaintiff has not stated a claim upon which relief can be granted because Defendants are not subject to the TCHRA in this case. Because the pleadings address the merits of the case and not standing, the Court construes Plaintiff's 12(b)(1) Motion to Dismiss for Lack of Subject Matter Jurisdiction as a Motion to Dismiss under 12(b)(6). *See Jurupa Valley Spectrum, LLC v. National Indem. Co.*, 2007 WL 1862162, at \*5 n. 6 (S.D.N.Y. June 29, 2007) (construing a motion to dismiss for lack of subject matter jurisdiction due to a lack of standing as a motion to dismiss on the merits when the parties did not contest whether the plaintiff suffered an injury in fact).

### B. Standard

█ A Rule 12(b)(6) motion to dismiss challenges a complaint on the basis that it fails to state a claim upon which relief may be granted. FED.R.CIV.P. 12(b)(6). In ruling on a Rule 12(b)(6) motion, the court must accept well-pleaded facts as true, and view them in a light most favorable to the plaintiff. *Id.; Calhoun v. Hargrove*, 312 F.3d 730, 733 (5th Cir.2002). A court will dismiss a complaint pursuant to Rule 12(b)(6) only if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief. *S. Christian Leadership Conference v. Supreme Court of the State of La.*, 252 F.3d 781, 786 (5th Cir.2001). If a defendant presents evidence in support of his Rule 12(b)(6) motion to dismiss, "the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56." FED.R.CIV.P. 12(b).

Summary judgment shall be rendered when the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material

fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The moving party bears the burden of informing the district court of the basis for its belief that there is an absence of a genuine issue for trial, and of identifying those portions of the record that demonstrate such an absence. *Id.* However, all evidence must be viewed in the light most favorable to the party opposing the motion. *U.S. v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 8 L.Ed.2d 176 (1962).

Once the moving party has made an initial showing, the party opposing the motion must come forward with competent summary judgment evidence of the existence of a genuine issue of material fact. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). In order for a court to conclude that there are no genuine issues of material fact, the court must be satisfied that no reasonable trier of fact could have found for the nonmovant, or, in other words, that the evidence favoring the nonmovant is insufficient to enable a reasonable jury to return a verdict for the nonmovant. *Anderson v. Liberty Lobby,* 477 U.S. 242, 250 n. 4, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Mere assertions of a factual dispute unsupported by probative evidence will not prevent a summary judgment. *Id.* at 248–50, 106 S.Ct. 2505.

In the instant case, both parties have submitted evidence pertinent to Defendants' Motion. Accordingly, the Motion shall be treated as one for summary judgment and reviewed as provided in Rule 56.

### C. TCHRA Claim

Defendants argue that the TCHRA does not apply to them because Plaintiff was not employed in Texas, and because none of the allegedly discriminatory conduct took place in Texas. Defs.' Reply 1. Plaintiff responds that she is protected by the TCHRA because she did, in fact, work in Texas. Pl.'s Resp. 1.

The TCHRA "does not apply to an employer with respect to the employment of a person outside this state." Tex. Lab. Code § 21.111; *Mandell v. Posner Laboratories, Inc.,* 778 F.Supp. 12, 13 (N.D.Tx. 1991). There has been little case law interpreting this section of the Texas Labor Code. The Fifth Circuit has held that an employee who worked on an oil production platform seventy-seven miles off the coast of Louisiana was not employed in Texas for purposes of the TCHRA, because the employee did not live or work in Texas. *Sanders v. Anadarko Petroleum Corp.,* 108 Fed.Appx. 139, 147–48 (5th Cir.2004). A federal district court in Maine held that Chapter 5 of the Texas Labor Code was applicable when the plaintiff worked on a seagoing vessel but was then to transferred to Texas, where he worked temporarily. *Ellenwood v. Exxon Shipping Co.,* Civ. No. 90–86–PH, 1993 WL 434080, at *2 (D.Me. Oct.21, 1993).

The Court finds that both *Sanders* and *Ellenwood* are inapposite to the instant case. Neither case contemplates the case of an employee whose alleged employment in Texas consists of travel into and out of the state. And neither case explicitly sets out how a court should determine whether an individual is employed within Texas for purposes of the TCHRA.

The TCHRA was enacted to conform with federal law, including Title VII and the ADEA. *Sanders,* 108 Fed.Appx. at 147 (citing Tex. Lab.Code § 21.001 (Vernon 1996 & Supp.2004)). Due to the dearth of case law interpreting § 21.111 of the TCHRA, this Court will consider case law interpreting federal statutes, and how federal courts have determined whether individuals were employed within the United States.

Although the Court will look to federal law, it will not adopt Plaintiff's proposed test based on *Mota v. University of Texas Houston Health Science Center,* 261 F.3d 512 (5th Cir.2001). According to Plaintiff, her claim should be dismissed only if the sole basis for the claim were events occurring outside Texas. Pl.'s Resp. 3–4. Plaintiff relies on the following sentence from *Mota:* "Assuming *arguendo* the validity of Mota's Title VII interpretation, subject matter jurisdiction would not be present if the events in Mexico were the sole basis for Mota's harassment claim." *Mota,* 261 F.3d at 524 (emphasis added). In *Mota,* it was undisputed that the plaintiff was employed in the United States, at the University of Texas at Houston Health Science Center. *See id.* at 515. The issue in *Mota* was not where the plaintiff was employed, but whether subject-matter jurisdiction would be appropriate when the plaintiff alleged conduct that had occurred during a business trip outside of the United States in Mexico. *Id.* at 524. The Fifth Circuit held that subject-matter jurisdiction was appropriate because the plaintiff had also alleged several incidents that occurred within the United States. *Id.* Thus, *Mota* does not address the key question in the instant case: how to determine where an individual is employed.

In determining whether individuals were employed in the United States for purposes of the ADEA and Title VII, several district courts have looked at the location of the individual's primary work station. One district court held that Title VII did not apply to an Armenian-born man who was hired and trained in the United States, but whose "primary workstation" was in the Republic of Georgia. *Shekoyan v. Sibley Int'l Corp.,* 217 F.Supp.2d 59, 68 (D.D.C.2002), *aff'd,* 409 F.3d 414 (D.C.Cir. 2005). Another district court held that an employee applying for a job in England was not covered by the ADEA because his "work station was outside the United States." *Denty v. SmithKline Beecham Corp.,* 907 F.Supp. 879, 884 (E.D.Pa.1995), *aff'd,* 109 F.3d 147 (3d Cir.1997). Yet another district court held that the ADEA did not apply to an employee whose "employment base" was in France, but who traveled to the United States on business for about 30 days per year. *Wolf v. J.I. Case Co.,* 617 F.Supp. 858, 863 (E.D.Wis. 1985). Though none of these cases explicitly define "primary work station" or the equivalent terms, it appears that the primary work station is the site where the employee spends a majority of her working hours.

A federal district court in New York used a related center-of-gravity test to determine whether a non-citizen was employed within the United States for purposes of the Americans with Disabilities Act ("ADA"). *See Torrico v. IBM Corp.,* 213 F.Supp.2d 390, 403–04 (S.D.N.Y.2002). The *Torrico* court considered a variety of factors borrowed from choice of law jurisprudence in its analysis of employment location including:

> whether any employment relationship had, in fact, been created at the time of the alleged discrimination, and if so, where that employment relationship was created and the terms of employment were negotiated; the intent of the parties concerning the place of employment; the actual or contemplated duties, benefits, and reporting relationships for the position at issue; the particular locations in which the plaintiff performed those employment duties and received those benefits; the relative duration of the employee's assignments in various locations; the parties' domiciles; and the place where the allegedly discriminatory conduct took place.

*Id.*

The court noted that these factors are not exhaustive and that a court should consid-

er the totality of the circumstances in applying the test. *Id.* at 404.

■ This Court finds that the primary-work-station test is vague and overly simplistic in its determination of employment within the United States. The test assumes that an employee *has* a primary work station—an assumption that may be invalid given the nature of our global economy with its mobile workforce. And the case law on the primary-work-station test provides scant guidance.

■ Based on these considerations, this Court adopts the more comprehensive *Torrico* center-of-gravity test. To determine whether an employee is employed within the United States for purposes of the ADEA and Title VII, the Court will review: (1) the site of the creation of the employment relationship including where the terms of employment were negotiated; (2) the intent of the parties concerning the location of the employment; (3) the locations of the reporting relationships for the position at issue; (4) the actual locations where the employee performed duties and received benefits as well as the relative amount of time the employee spent at each of these sites; and (5) the location of employee's domicile. These factors are not exclusive, and the Court will consider the totality of the circumstances of the employment.

■ In this case, the Court will focus on the terms of employment and the contacts the employee had with Texas by means of her employment. Applying these factors and reviewing the totality of the circumstances as set out in *Torrico*, the Court finds that Defendants have failed to carry their burden. Defendants have not adduced sufficient facts at this stage of the litigation to show that there is no issue of material fact as to whether Plaintiff was employed in Texas.

First, as to the location of the creation of the employment relationship, the record fails to establish where the employment relationship was created or where the terms of the relationship were negotiated. Second, with regard to intent of the parties concerning location of employment, Plaintiff was hired as an accountant and promoted to Controller at the Juarez facility—this suggests that the parties intended Plaintiff to work primarily at the Juarez facility. However, there is no direct evidence of such intent. Third, as to location of reporting relationships, Defendants have presented evidence that Plaintiff did not report to any supervisor in Texas and Plaintiff has not disputed this fact. Instead, the evidence suggests that she reported directly to a supervisor in Illinois and indirectly to the Juarez facility's General Manager. Defs.' Mot. 2. There is no evidence supporting the presence of a supervisor in Texas. This factor clearly weighs against Plaintiff. Fourth, Plaintiff's work as Controller at the Juarez facility indicates that she was employed at the Juarez facility. However, Plaintiff states that she regularly visited El Paso, inspecting goods in El Paso warehouses before they were delivered to the Juarez facility. Pl.'s Resp. 2; *Id.* Ex A ¶¶ 3–5. And Defendants have provided no evidence setting out how much time Plaintiff actually spent working in Juarez as opposed to Texas. And Fifth, as to Plaintiff's domicile, Plaintiff's home is in El Paso, Texas.[1] *Id.* Ex. A ¶ 2.

---

1. Under the facts of this case, domicile in Texas is not probative of the issue of employment location and the Court will not weigh this factor. With the highly integrated metropolitan areas of El Paso and Juarez, whether Plaintiff is domiciled in the Texas has little

Weighing these factors and viewing the evidence in the light most favorable to Plaintiff, the Court finds that there is an issue of material fact as to whether Plaintiff was employed in Texas. The only factor weighing in Defendants' favor is the location of Plaintiff's supervisor, which was outside of Texas. As to the other factors, Defendant either failed to present any evidence tending to show an absence of an issue of material fact or Plaintiff presented evidence rebutting Defendants' assertions. Accordingly, Defendants' Motion must fail.

## III. CONCLUSION

For the foregoing reasons, Defendants' "12(b)(1) Motion to Dismiss" (Doc. No. 7) is **DENIED**.

**SO ORDERED.**

bearing on whether Plaintiff was, in fact, employed in Texas.