In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-18-00329-CV**
_____

**MARCI HOCEVAR, Appellant**

**V.**

**MOLECULAR HEALTH, INC., Appellee**

**On Appeal from the 284th District Court**
**Montgomery County, Texas**
**Trial Cause No. 17-02-02044-CV**

**OPINION**

Marci Hocevar sued Molecular Health, Inc. under the Texas Commission on Human Rights Act ("TCHRA") claiming that a Molecular Health Vice President of Sales sexually harassed her, and when she complained, Molecular Health retaliated by unlawfully terminating her employment. *See* Tex. Lab. Code Ann. § 21.001 *et seq.* In her first amended petition, Hocevar alleged that Molecular Health's corporate headquarters are in The Woodlands, Texas. Molecular appeared for the first time in

1

the suit by filing an answer to Hocevar's First Amended Petition, and it never contested Hocevar's allegation that it is headquartered in Texas. About six weeks later, Molecular Health filed a plea to the jurisdiction and motion to dismiss contending that because it did not employ Hocevar in Texas, the trial court lacked subject matter jurisdiction. Hocevar later amended her petition to add claims under the Minnesota Human Rights Act ("MHRA") for gender discrimination and retaliatory conduct. *See* Minn. Stat. §§ 363A.01–363A.44. The trial court ultimately granted Molecular Health's plea to the jurisdiction following two hearings and affording Hocevar the opportunity to amend her petition. Per its order, the trial court found that the case "should be dismissed for lack of subject-matter jurisdiction."

Hocevar raises three issues on appeal asserting: (1) the trial court erred in failing to conduct a choice-of-law analysis to determine whether the TCHRA or the MHRA applies; (2) even assuming the TCHRA applies, the trial court erred in granting Molecular Health's amended plea to the jurisdiction because § 21.111 of the Labor Code is not jurisdictional; and (3) even assuming the trial court correctly held that the TCHRA applies and Labor Code § 21.111 is jurisdictional, the trial court erred in granting Molecular Health's amended plea to the jurisdiction because Hocevar raised a fact issue that Molecular Health employed her in Texas. We

2

confine our analysis to the trial court's subject matter jurisdiction and reverse the trial court's judgment.

## Background

Molecular Health is an oncological technology company selling products and services to hospitals and physicians. Molecular Health offered Hocevar a job as an Account Director selling and marketing its products and services in the Upper Midwest. Hocevar's assigned sales region included North Dakota, South Dakota, Illinois, Iowa, Wisconsin, and Minnesota. Molecular Health offered Hocevar the position pursuant to a consulting agreement which characterized Hocevar as an independent contractor. Hocevar resided in Minnesota and worked from an office in her home. Deposition testimony provided in support of the plea to the jurisdiction indicated Hocevar did not market or sell products for Molecular Health in Texas. However, Hocevar alleged that she reported to Bruce Mrachek, Molecular Health's Central Regional Vice President of Sales who lived and worked in San Antonio, Texas, via telephone daily. Mrachek's testimony confirmed this. Hocevar further alleged Molecular Health trained her in Texas, and she attended company meetings at its headquarters in The Woodlands, Texas.

In January of 2016, Molecular Health's Vice President of Sales and Business Development for the United States interviewed Hocevar in Minnesota to determine

whether she would continue working as an Account Director for Molecular Health. Hocevar alleged that during the meeting, the Vice President of Sales and Business Development engaged in sexual harassment in the form of sexually discriminatory conduct and statements. Hocevar alleged that she reported the harassment to Mrachek, who in turn, reported the conduct to human resources. On February 19, 2016, Molecular Health advised it would not convert Hocevar from a consultant to an employee and declined to renew her contract.

Hocevar filed suit under the TCHRA alleging Molecular Health violated her rights "by discharging and otherwise discriminating against her on the basis of her gender" and "by discharging and otherwise discriminating against her . . . in retaliation for her opposition to [Molecular Health's] discriminatory and retaliatory employment practices." *See* Tex. Lab. Code Ann. § 21.001 *et. seq.* In her third amended petition, Hocevar added claims under the MHRA. Molecular Health subsequently filed a plea to the jurisdiction asserting that the trial court lacked subject matter jurisdiction because the TCHRA did not apply to employment outside of Texas, and Molecular Health employed Hocevar to work in Minnesota. *See id.* § 21.111.

Following an initial hearing on the plea to the jurisdiction, the trial court allowed Hocevar an opportunity to replead. Hocevar filed her fourth amended

4

petition asserting claims under both the TCHRA and the MHRA for discrimination and retaliation, including factual allegations: (1) that she reported to a supervisor located in Texas; (2) that Molecular Health trained her in Texas; (3) that Molecular Health required her to attend meetings at Molecular Health's headquarters in The Woodlands; and (4) that Molecular Health dictated the terms and conditions of her employment including her compensation and employment status from its Texas corporate headquarters. Molecular Health then filed a combined motion to dismiss and amended plea to the jurisdiction again arguing that the trial court lacked subject matter jurisdiction, because Hocevar was not employed in Texas and the TCHRA does not apply to employment outside of Texas.[1] The trial court granted the motion to dismiss and amended plea to the jurisdiction for "lack of subject-matter jurisdiction." Hocevar timely appealed.

## Standard of Review

Whether a court has subject matter jurisdiction is a question of law we review *de novo*. *Tex. Dept. of Parks and Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). A court may not decide a case unless it has subject matter jurisdiction. *Id.* A plea to the jurisdiction challenges the trial court's power to exercise subject matter

---

[1] Molecular Health asserted that Hocevar's attempts to relate her MHRA claims back to the date of filing of the initial lawsuit fail because the trial court lacked subject matter jurisdiction when Hocevar commenced litigation.

5

jurisdiction. *Id.*; *City of Waco v. Kirwan*, 298 S.W.3d 618, 621–22 (Tex. 2009). A plea to the jurisdiction is a dilatory plea typically used to defeat a plaintiff's cause of action without regard to whether the claims have any merit. *Cty. of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex. 2002); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). "A plea to the jurisdiction challenges a trial court's authority to hear a case by alleging that the factual allegations in the plaintiff's pleadings, when taken as true, fail to invoke the trial court's jurisdiction." *Dillard Tex. Operating Ltd. P'ship v. City of Mesquite*, 168 S.W.3d 211, 214 (Tex. App.—Dallas 2005, pet. denied). When we consider a trial court's order on a plea to the jurisdiction, we construe the pleadings in the plaintiff's favor and look to the pleader's intent. *See Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993) (citation omitted). If a plaintiff fails to plead facts establishing jurisdiction, but the petition does not contain incurable defects in jurisdiction, it is a pleading sufficiency issue, and the plaintiff should be allowed the opportunity to amend. *Brown*, 80 S.W.3d at 555.

**Analysis**

Because Hocevar appeals the trial court's dismissal and grant of Molecular Health's plea to the jurisdiction for lack of subject matter jurisdiction, we consider Hocevar's pleadings and the evidence pertinent to the jurisdictional inquiry. *See id.*

6

While no Texas court has squarely addressed whether section 21.111 of the TCHRA is jurisdictional, the rationale of other similar cases guides us to our conclusion that it is not. Rather, a plaintiff is required to prove they are employed in Texas as an element of their TCHRA cause of action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516 (2006) (holding that the threshold number of employees in Title VII cases is an element of a plaintiff's claim but not jurisdictional); *In re United Services Auto. Ass'n (USAA)*, 307 S.W.3d 299, 310 (Tex. 2010) (concluding the TCHRA two-year period for filing suit is mandatory but not jurisdictional); *Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 73 (Tex. 2000). We are instructed to look to federal law for guidance interpreting the TCHRA. *See Mission Consol. Indep. Sch. Dist. V. Garcia*, 372 S.W.3d 629, 640 (Tex. 2012); *see also* Tex. Lab. Code Ann. § 21.001(1) (explaining one of the purposes of the statute is to "provide for the execution of policies of Title VII"). Federal district courts in Texas have interpreted Texas Labor Code section 21.111 as nonjurisdictional. *See Herrera v. NBS, Inc.*, 759 F.Supp.2d 858, 864–65, 867 (W.D. Tex. 2010); *Rodriguez v. Filtertek, Inc.*, 518 F.Supp.2d 845, 848 (W.D. Tex. 2007) (treating a motion to dismiss for lack of subject matter jurisdiction under section 21.111 as a motion to dismiss on the merits

rather than a jurisdictional issue).[2] The Texas Labor Code's reach does not extend to an employer concerning the employment of a person outside of Texas just as Title VII does not afford protections to individuals employed outside of the United States. *See Herrera*, 759 F.Supp.2d at 861 (citing 42 U.S.C. § 2000e–1(a); Tex. Lab. Code Ann. § 21.111).

In *Dubai Petroleum Co. v. Kazi*, the Texas Supreme Court addressed the question of whether the "equal treaty rights" requirement contained in a previous version of Texas Civil Practice and Remedies Code section 71.031 was jurisdictional. 12 S.W.3d at 73. They held the "equal treaty rights" provision limiting the class of individuals who could bring suit was not jurisdictional. *See id.* Similarly, the provision at issue here, Texas Labor Code section 21.111, limits the TCHRA's protections to those employed in Texas. *See* Tex. Lab. Code Ann. § 21.111. In the past, courts were prone to dismiss cases for lack of jurisdiction without drawing a

---

[2] Molecular Health relies on *Valchar v. Transocean, Inc.*, No. H-09-01, 2009 WL 10695358 (S.D. Tex. June 12, 2009), for the proposition that the trial court lacked subject matter jurisdiction. We disagree that the trial court's order in this case supports this position as it fails to offer any meaningful distinction or analysis between subject matter jurisdiction and allegations going to the merits of a claim. *See generally Valchar*, 2009 WL 10695358. Molecular Health also relies on *Noel v. Shell Oil Co.* for the proposition that the TCHRA affords no extraterritorial coverage. 261 F.Supp.3d 752, 765 (S.D. Tex. 2017). However, that case analyzed the extraterritorial provision not as a matter implicating the court's subject matter jurisdiction, but in the context of a summary judgment motion and determined the merits of the claim failed "as a matter of law." *See id.* at 756, 765.

distinction between a dismissal for the "absence of subject-matter jurisdiction rather than on the plaintiff's failure to state a claim." *See Arbaugh*, 546 U.S. at 512–13 (citing *EEOC v. Arabian American Oil Co.*, 499 U.S. 244, 247 (1991)). The Supreme Court has described this approach as "less than meticulous" and described "such unrefined dispositions" as "'drive-by jurisdictional rulings' that should be accorded 'no precedential effect'" on whether a court has authority to adjudicate a claim in the suit. *See id.* at 511 (quoting *Steel Co. v. Citizens for Better Environment*, 523 U.S. 83, 91 (1998)). Historically, Texas was no exception to this less than precise approach. *See In re USAA*, 307 S.W.3d at 306 (the Texas Supreme Court explaining that its "intemperate use of the term 'jurisdictional' has caused problems"); *Dubai*, 12 S.W.3d at 76–77 ("The right of a plaintiff to maintain a suit, while frequently treated as going to the question of jurisdiction, has been said to go in reality to the right of the plaintiff to relief rather than to the jurisdiction of the court to afford it.") (citation omitted)). More recently, Texas has followed the trend limiting the attacks on a court's jurisdiction explaining that the modern approach is to reduce the vulnerability of final judgments on this basis. *See In re USAA*, 307 S.W.3d at 306 (quoting *Dubai*, 12 S.W.3d at 76).

Texas district courts are courts of general jurisdiction. *Dubai*, 12 S.W.3d at 75. A district court's jurisdiction "consists of exclusive, appellate, and original

9

jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body." Tex. Const. art. V, § 8. All claims are presumed to fall within a district court's jurisdiction unless lawmakers mandate they be heard elsewhere. *Dubai*, 12 S.W.3d at 75. "Since *Dubai*, we have been 'reluctant to conclude that a provision is jurisdictional, absent clear legislative intent to that effect.'" *In re USAA*, 307 S.W.3d at 306 (quoting *City of DeSoto v. White*, 288 S.W.3d 389, 393 (Tex. 2009)).

In the case before us, Molecular Health asserted in its plea to the jurisdiction and amended plea to the jurisdiction that the trial court lacked subject matter jurisdiction, specifically pointing to the factual allegations contained in Hocevar's initial pleadings wherein she described her work as taking place outside of Texas as the basis for the lack of subject matter jurisdiction. Whether the trial court lacks subject matter jurisdiction and whether the plaintiff has alleged facts that would afford her relief are distinct bases for dismissal. *See Arbaugh*, 546 U.S. at 513. Because the trial court granted the plea to the jurisdiction and motion to dismiss for lack of subject matter jurisdiction, that is where we focus our inquiry.

Following the modern approach adopted by the United States Supreme Court and the Texas Supreme Court, we are "reluctant to conclude that a provision is

jurisdictional, absent clear legislative intent to that effect." *See City of DeSoto*, 288 S.W.3d at 393; *see also Arbaugh*, 546 U.S. at 515; *In re USAA*, 307 S.W.3d at 306. We apply statutory interpretation principles in determining whether a requirement is jurisdictional. *Tex. Mut. Ins. Co. v. Chicas*, No. 17-0501, 2019 WL 1495202, at *3 (Tex. Apr. 5, 2019) (quoting *City of DeSoto*, 288 S.W.3d at 394). We use the following in this analysis: (1) the statute's plain meaning; (2) whether the statute provides specific consequences for noncompliance; (3) the statute's purpose; and (4) the consequences resulting from each construction. *Id.* at *3 (citing *Crosstex Energy Servs., L.P. v. Pro Plus, Inc.*, 430 S.W.3d 384, 392 (Tex. 2014)).

The TCHRA provision at issue provides that "[t]his chapter does not apply to an employer with respect to the employment of a person outside this state." Tex. Lab. Code Ann. § 21.111. There is no express language indicating the Legislature clearly intended this provision to be jurisdictional as it does not refer to the trial court's jurisdiction in any way. The plain meaning of the statute is that the TCHRA only applies to an employer when the subject employment was in Texas. *See id.* This is similar to the Title VII provision in *Arbaugh*, which indicated the statute applied

11

only to employers with fifteen or more employees. *See* 546 U.S. at 516. Both provisions are limiting in nature.[3]

Section 21.111 does not contain a specific consequence for noncompliance. *See* Tex. Lab. Code Ann. § 21.111; *Chicas*, 2019 WL 1495202, at *4. When a statute does not require dismissal for failure to comply, this points to a finding that it is not jurisdictional. *Chicas*, 2019 WL 1495202, at *4 (citing *Helena Chem. Co. v. Wilkins*, 47 S.W.3d 486, 495 (Tex. 2001)).

We next consider the purpose of the statute. *Chicas*, 2019 WL 1495202, at *4. The purpose of the TCHRA is to "secure for persons in this state . . . freedom from discrimination in certain employment transactions" and to "promote the interests, rights, and privileges of persons in this state." Tex. Lab. Code Ann. § 21.001(4), (8). Treating section 21.111's limitation to employment within Texas as a required element of proof rather than as one that eviscerates a trial court's jurisdiction does

---

[3] Molecular Health contends that analogous federal cases within the Fifth Circuit have concluded that failure to comply with extraterritorial provisions are jurisdictional. However, the cases make no mention of *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). In its motion to dismiss and amended plea to the jurisdiction, which the trial court granted, Molecular Health relied heavily on *EEOC v. Arabian American Oil Co.* for the proposition that the extraterritorial limitation under Title VII was jurisdictional. 499 U.S. 244 (1991). However, Justice Ginsburg subsequently explained in the *Arbaugh* opinion that the Court was "not prompted in *Arabian American Oil Co.* to home in on whether the dismissal had been properly based on the absence of subject-matter jurisdiction rather than on the plaintiff's failure to state a claim." *Arbaugh*, 546 U.S. at 512–13.

not frustrate the purpose of the TCHRA. A TCHRA plaintiff must prove that their employer employed them within Texas. *See id.* Whether Molecular Health employed Hocevar in Texas relates to the substantive adequacy of her TCHRA claim, which is distinct from the district court's power to decide the lawsuit.

Finally, we consider the consequences resulting from each construction. Determining that section 21.111 is jurisdictional would make final judgments vulnerable to attack based on a subsequent challenge regarding a plaintiff's place of employment, which we avoid unless the Legislature clearly intended otherwise. *Chicas*, 2019 WL 1495202, at *5; *In re USAA*, 307 S.W.3d at 310 (citation omitted); *see also Arbaugh*, 546 U.S. at 516 (noting that "when Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character").[4]

---

[4] In *Rodriguez v. Filtertek, Inc.*, the employer defendants moved to dismiss for lack of subject matter jurisdiction, specifically arguing the plaintiff lacked standing because the TCHRA is inapplicable to the defendants since the plaintiff was not employed in Texas and cited to Texas Labor Code section 21.111. *See* 518 F.Supp.2d 845, 848 (W.D. Tex. 2007). That court explained that although the defendants stated they were challenging the court's jurisdiction through standing, neither party discussed the standing issue and instead confined their arguments to the TCHRA's inapplicability. *See id.* "Because the pleadings address the merits of the case and not standing" the court treated the motion to dismiss for lack of subject matter jurisdiction as a motion to dismiss on the merits. *See id.*

Based on the foregoing analysis, we conclude that the TCHRA's limitation on employment in Texas as stated in Texas Labor Code section 21.111 is not jurisdictional. While Hocevar raises arguments that her MHRA claims relate back to her first-filed petition and that the trial court erred in failing to conduct a choice of law analysis, we do not weigh them as they go to the merits of her claims. *See Tex. Air Control Bd.*, 852 S.W.2d at 446. In deciding a plea to the jurisdiction, a court may not weigh the claims' merits but must consider only the plaintiffs' pleadings and the evidence pertinent to the jurisdictional inquiry. *Brown*, 80 S.W.3d at 555. Accordingly, we confine inquiry to the relevant jurisdictional issue. *See In re Sullivan*, 157 S.W.3d 911, 915 (Tex. App.—Houston [14th Dist.] 2005, orig. proceeding). Based on her allegations of discriminatory and retaliatory conduct, we conclude Hocevar's pleadings were sufficient to invoke the trial court's subject matter jurisdiction. Any dispute regarding the location of her employment goes to the merits of her claim, and we confine our inquiry to the trial court's subject matter jurisdiction.

## Conclusion

We conclude that section 21.111 of the TCHRA is not jurisdictional. We reverse the trial court's order dismissing the case for lack of subject matter

14

jurisdiction, and we remand the matter for further proceedings consistent with this opinion.

REVERSED AND REMANDED.

_____
CHARLES KREGER
Justice

Submitted on August 12, 2019
Opinion Delivered October 31, 2019

Before Kreger, Horton and Johnson, JJ.